THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:05-cv-02193-WYD-MEH

BRICKHOUSE SOFTWARE, INC.,

    Plaintiff,

v.

BRICKHOUSE MOBILE, INC.,

    Defendant.

## STIPULATED PROTECTIVE ORDER

Plaintiff Brickhouse Software, Inc. ("Brickhouse" or "Plaintiff") and Defendant Brickhouse Mobile, Inc. ("Brickhouse Mobile" or "Defendant"), through their respective counsel of record, stipulate to the entry of a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, as follows:

### RECITALS

A.    Some of the information which is anticipated to be disclosed through discovery in this case may consist of information that the disclosing and/or producing Party will claim is confidential, personal, proprietary or trade secret information, entitled to protection. Furthermore, some of the information is such that the party disclosing and/or producing it will claim that it is competitively sensitive information to which its competitors or potential competitors should not have access.

1

B.     Based upon these recitals and the terms of disclosure that follow, the Parties have entered into this Stipulation for the purpose of facilitating the efficient production of information that the producing party may claim is entitled to confidential treatment, while at the same time protecting the Parties' interest in the confidential treatment of that information.

### TERMS

1.     This Protective Order shall apply to all discovery produced in this action relating to any matters the parties may consider financially sensitive or proprietary information.

2.     All confidential financially sensitive and proprietary information contained in documents, deposition testimony, answers to interrogatories, and answers to requests for admission furnished herein in pretrial discovery are provided solely for the purposes of litigation between the parties and may not be disseminated or used for any commercial or other purpose, except as expressly provided elsewhere herein.

3.     Each deposition transcript page, each interrogatory answer, and each produced document which is deemed by any party in good faith to disclose confidential, financially sensitive or proprietary information subject to the provisions of this Protective Order shall be so identified and labeled "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" (or "HIGHLY CONFIDENTIAL").  Such identification and marking shall be made at the time when the answer to the interrogatory or the answer to request for admission is served, or when a copy of a document is provided in discovery.   In the case of transcript pages, the designating party shall advise opposing counsel of the specific pages to be maintained in confidence within 14 days after receipt of the transcript of the deposition.

4.  Unless and until the Court rules that any such discovery materials identified as "CONFIDENTIAL" is or are not confidential information, or that such discovery materials can be disclosed beyond the limits permitted by this Stipulated Order, access, copying or dissemination of such discovery materials shall be limited to:

>   (i)   The attorneys for firms representing the parties to this action, expert witnesses hired by the parties and duly qualified as provided in paragraph 6 (e.g. accountants), and stenographic, clerical and paralegal employees of those law firms whose functions require access to such confidential information. The signature on this agreement of a representative of a law firm representing a party shall constitute an agreement by the party and by all attorneys in, and regular and temporary employees of, the law firms representing the party to be so bound.
>
>   (ii)  The parties.
>
>   (iii) The Court and its staff.
>
>   (iv)  Court reporters who record testimony taken in the course of this litigation.
>
>   (v)   Other persons later agreed to in writing by the parties.

5.  Unless and until the Court rules that any such discovery materials identified as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" (or "HIGHLY CONFIDENTIAL") is or are not confidential information, or that such discovery materials can be disclosed beyond the limits permitted by this Stipulated Order, access, copying or dissemination of such discovery materials shall be limited to:

    (i)  The attorneys for firms representing the parties to this action, expert witnesses hired by the parties and duly qualified as provided in paragraph 6 (e.g. accountants), and stenographic, clerical and paralegal employees of those law firms whose functions require access to such confidential information.  The signature on this agreement of a representative of a law firm representing a party shall constitute an agreement by the party and by all attorneys in, and regular and temporary employees of, the law firms representing the party to be so bound.

    (ii)  The Court and its staff.

    (iii)  Court reporters who record testimony taken in the course of this litigation.

    (iv)  Other persons later agreed to in writing by the parties.

  6.  Disclosure of CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY information to any expert shall be made only after counsel desiring to disclose CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY information to such an expert obtains from that expert a completed and signed undertaking in the form of Exhibit A attached hereto and provides such undertaking to counsel for the producing party together with the expert's current curriculum vitae.  Upon receipt of the signed undertaking and curriculum vitae, the producing party will have seven (7) business days to object to the proposed disclosure, during which time disclosure will not be made.

7. Except as otherwise provided herein, copies of "CONFIDENTIAL" and "CONFIDENTIAL – ATTORNEYS' EYES ONLY" discovery materials shall remain only at the offices of the persons identified in paragraph 4(i)-(v) or 5(i)-(iv). No additional copies of "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY" discovery materials shall be made for distribution to other persons unless otherwise stipulated in writing by the parties or ordered by the Court.

8. No confidential information subject to this Protective Order shall be made public by the person to whom it is disclosed. It is further agreed that any and all discovery materials deemed confidential pursuant to this Order, which are to be filed with the Court, shall be filed in a sealed envelope marked "CONFIDENTIAL" and said envelope shall be hand-delivered to the Court's chambers or clerk's office.

9. Acceptance by any party of confidential discovery materials pursuant to this Protective Order shall not in any way constitute a waiver or concession concerning the ownership, use or confidentiality of any such discovery material. If, subsequent to the acceptance of discovery materials identified as confidential hereunder, any receiving party wishes the Court to rule upon a claim of confidentiality, such receiving party shall move for such determination. In the resolution of such motion, the burden of establishing the confidentiality of the discovery materials shall be on the party who made the claim of confidentiality.

10. When used in open court, any information deemed confidential in accordance with this Order shall be received as directed by the Court. All confidential information shall be filed with the Court only in accordance with the terms and provisions of this Order, and as specifically set forth in Paragraph 8 above.

11.     This Protective Order shall not prevent any party from applying to the Court for relief therefrom or from applying to the Court for a further protective order or injunctive or other relief, and shall not preclude any party from enforcing its rights at law or in equity with respect to any discovery materials deemed confidential against any other person, including another party, believed to be violating the rights of any party.

12.     This Protective Order shall not prevent the parties from agreeing to a modification of this Protective Order, subject to the approval of the Court.

13.     In the event that any party shall desire to provide access to discovery materials deemed confidential to any person or category of persons not included in Paragraphs 4 or 5 above, and the parties have not agreed upon the conditions of such access, that party may move for an Order that such person or category of persons may be given such information. In the event that the motion is granted, such person or category of persons may have access to the information upon such terms and restrictions as the Court may impose.

14.     After final termination of this case, all copies of confidential discovery materials shall be returned to counsel for the party who has provided them, or their destruction shall be certified; provided, however, that counsel of record for the parties at the conclusion of the litigation shall be permitted to retain (subject to the terms of this order) one file copy of CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY materials contained in discovery responses, deposition transcripts, deposition and trial exhibits and materials filed with the Court under seal.

15.	If counsel for any party believes that questions put to a witness being examined in pre-trial deposition will disclose confidential information of their client, or that the answers to any question or questions require such disclosure, or if documents used as exhibits during the examination contain such confidential information, such counsel shall notify opposing counsel, and the confidential portions of the deposition shall be taken only in the presence of persons who are entitled to the receipt of confidential information hereunder.

16.	No copy of any transcript taken by any party which is designated in whole or in part as confidential shall be prepared for, or furnished by the reporter to, any person other than the persons designated in Paragraphs 4 or 5 above.

Dated at Denver, Colorado this 6th day of March 2006.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

**APPROVED:**

| | |
|---|---|
| **COATS & BENNETT, P.L.L.C.**<br>**ATTORNEYS FOR PLAINTIFF** | **WHITE & CASE LLP**<br>**ATTORNEYS FOR DEFENDANT** |

s/ Anthony J. Biller
Anthony J. Biller
Rebecca Crandall
1400 Crescent Green, Suite 300
Cary, NC  27511
Tele.:  919-854-1844
Fax:  919-854-2084
abiller@coatsandbennett.com
rcrandall@coatsandbennett.com

**COOLEY GODWARD LLP**
**ATTORNEYS FOR PLAINTIFF**

/s/ Carolyn Juarez
Carolyn Juarez
380 Interlocken Crescent, Suite 900
Broomfield, CO 80021-8023
Tele.: 720-566-4227
Fax:  720-566-4099
cjuarez@cooley.com

s/ Jonathan E. Moskin
Jonathan E. Moskin
1155 Avenue of the Americas
New York, NY  10036-2787
Tele.: 212-819-8200
jmoskin@whitecase.com

**SENTER GOLDFARB & RICE, LLC**
**ATTORNEYS FOR DEFENDANT**

s/ Jennifer M. Palmer
Jennifer M. Palmer
1700 Broadway, Suite 1700
Denver, CO 80290
Tele.: 303-320-0509
Fax:  303-320-0210
jpalmer@sgrllc.com

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:05-cv-02193-WYD-MEH

BRICKHOUSE SOFTWARE, INC.,

    Plaintiff,

V.

BRICKHOUSE MOBILE, INC.,

    Defendant.
_____

## NOTICE OF PROTECTIVE ORDER AND CONFIDENTIAL UNDERTAKING
_____

Based on the stipulation of the parties, as set forth below, it is

I, _____, being duly sworn, state that:

1. My address is: _____.

2. My present employer is: _____; and the address of my present employment is: _____.

3. My present occupation or job description is: _____.

4. I have received a copy of the Stipulated Protective Order in this case entered by the Court on _____.

5. I have carefully read and understand the provisions of the Stipulated Protective Order, and I will comply with all of the provisions of the Stipulated Protective Order.

9

6. I will hold in confidence and not disclose to anyone not a Qualified Person under the Stipulated Protective Order, any confidential information or any words, summaries, abstracts, or indices of confidential information disclosed to me.

7. At the conclusion of my involvement in the litigation, I will return all confidential information, summaries, abstracts and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party by whom I am employed or retained.

_____

**Subscribed and sworn to before me**
this __ day of _____, 2006

_____
Notary Public